## Riddle v. McNeill et al.

*Herman Blumenthal,* for plaintiff.
*John Alessandroni,* for defendant Riddle.
*James R. Wilson,* for defendant McNeill.

LEWIS, J., April 6, 1944.—The bill herein seeks an accounting and other relief. It is averred that Annie Riddle was the owner of premises 1104, 1110, and 1112 South Thirty-first Street, Philadelphia; that upon her death she devised 1104 to her daughter Annie E. McNeill, 1110 to her son William Riddle, and 1112 to her son Joseph R. Riddle, with provision in each instance

that, in the event of the death of the devisee during her lifetime, the premises were devised to the surviving wife or husband and their children, or the survivor thereof, etc.; that William Riddle predeceased his mother, so that 1110 became vested in Jennie Riddle, one of the defendants; that Joseph R. Riddle predeceased his mother, so that 1112 became vested in Mary Riddle, the plaintiff; that Annie E. McNeill took 1104 under the will of her mother, but died leaving a will devising all her real estate to her son William McNeill, one of the defendants. It was further said that a one-story garage and storage building was erected on the rear of the properties, equally divided over the several premises; that defendant William McNeill had been occupying part of this rear building and had been subletting the remainder of it to A. Silver, a dealer in waste, who is one of the defendants; that defendants William McNeill and Jennie Riddle have collected these rents and fail and refuse to account for them.

The answer admits substantially, but with some slight corrections, the averments of the bill, but points out that the larger part of the building in the rear of the various premises is on the rear part of 1108 South Thirty-first Street, which premises were also owned by the said Annie Riddle at the time of her death, and were not specifically devised, hence passed under the residuary clause of her will to Annie E. McNeill, who was the mother of defendant William McNeill, and was the only child of Annie Riddle living at the date of her death. . . .

### Discussion

It is the contention of defendant William McNeill that the garage building erected on the rear of some of the premises owned by his grandmother, Annie Riddle, passed to his mother, Annie E. McNeill, as the residuary devisee under the will of Annie Riddle, and

thence to him. This contention is based upon the theory that the various premises specifically devised were described only by house numbers on the front street, hence included only the front premises, leaving the rear premises for the residue. A clear issue of the intention of testator is thus raised.

It is unnecessary to review the many authorities dealing with the rules of construction for ascertaining the intention of the testator. In Philadelphia, where it is customary to buy and sell real estate by house number, it would require an extremely strained construction to find that a testator who had purchased property running through from street to street and had never separately reconveyed the front portions thereof intended, in referring to these premises by the house number on the front street, to convey anything less than the entire property as described in the original conveyance to her: See Metzger's Estate, 22 Lanc. 348.

As owners of a portion of the premises on which the rear building rests, plaintiffs have a right to an accounting for rents received by defendants for the use of such building. . . .

### Decree

And now, to wit, April 6, 1944, the cause having come to be heard upon bill, answer, and proofs, it is ordered, adjudged, and decreed:

1. That defendant William McNeill account for all rents received by him for the premises involved in this controversy.

2. That defendant William McNeill pay to plaintiffs the amount of such rent found to be due each of them.

3. That defendant William McNeill pay all costs of these proceedings.

4. The bill is dismissed as to A. Silver, with costs.

The prothonotary will enter this decree nisi and give notice thereof to the parties or their attorneys and, unless exceptions thereto are filed within 10 days, either party may present a form of final decree to be entered in the case.